UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT WILLIAMS,

        Plaintiff,                         Hon. Ellen S. Carmody

v.

                                               Case No. 1:14-cv-1226

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On February 12, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 48 years of age on his alleged disability onset date.  (Tr. 139).  He successfully completed high school and worked previously as a welder, semi-loader, set-up operator, checker, painter, assembler, and crib attendant.  (Tr. 27-28).  Plaintiff applied for benefits on February 3, 2012, alleging that he had been disabled since December 31, 2007, due to chronic back and knee pain. (Tr. 139-46, 158).  Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 60-138).  On June 6, 2013, Plaintiff appeared before ALJ James Kent with testimony being offered by Plaintiff and a vocational expert. (Tr. 33-59).  In a written decision dated July 3, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 19-29).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2012.  (Tr. 21).  Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative joint disease of the bilateral knees; (2) degenerative disc disease of the lumbar spine; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 21-23).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can lift 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday with normal breaks, he can sit and stand/walk for up to six hours each; (3) he can occasionally climb stairs, ramps, ladders, ropes, and scaffolds; (4) he can occasionally balance, kneel, stoop, crouch, and crawl; (5) he must avoid concentrated exposure to extreme temperatures and humidity; (6) he must avoid hazards such as unprotected heights and dangerous moving machinery; (7) he can understand, remember, and carry out normal instructions; (8) he can exercise normal judgment and make normal work-related decisions; (9) he can interact appropriately with co-workers and supervisors; and (10) he can tolerate usual changes in his work setting and/or work routine.  (Tr. 23).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y*

*of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the national economy approximately 320,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 52-56).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.         **The ALJ Properly Assessed Amy Vincent's Opinion**

On June 3, 2013, Plaintiff participated in a functional capacity evaluation performed by occupational therapist Amy Vincent.  (Tr. 296-304).  Vincent concluded that Plaintiff was capable of performing only a limited range of sedentary work for no more than four hours daily.  (Tr. 296). The ALJ afforded "no weight" to this opinion on the ground that Vincent's "observations were not consistent with the preponderance of the evidence that demonstrated the claimant was not limited to this degree."  (Tr. 26).  Plaintiff argues that he is entitled to relief on the ground that Vincent's "observations were entitled to some weight."

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). An occupational therapist, however, is not considered an acceptable medical source. *See* 20

C.F.R. §§ 404.1502; 404.1513; 416.902; 416.913; *LaRiccia v. Commissioner of Social Security*, 549 Fed. Appx. 377, 385 (6th Cir., Dec. 13, 2013). Nevertheless, occupational therapists and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [his] ability to work." *See*, *e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d). The ALJ assessed Vincent's opinion and found that it was not supported by the record. This determination is supported by substantial evidence.

The results of a March 20, 2012 examination were unremarkable and revealed that Plaintiff "would likely benefit from physical therapy." (Tr. 209-12). X-rays of Plaintiff's knees, taken May 11, 2012, revealed "mild to moderate" degenerative changes. (Tr. 274). On July 18, 2012, Plaintiff reported that his pain medication was "greatly helping" with his back and knee pain. (Tr. 257). Plaintiff reported that he was "sleeping better now and feels less depressed due to better pain control." (Tr. 257). On December 10, 2012, Plaintiff reported that he had recently "mov[ed] a stove." (Tr. 250). On January 30, 2013, Plaintiff reported that his pain was controlled with medication. (Tr. 288). Plaintiff was reported that he "wants to start walking again up to one mile daily." (Tr. 289). On March 14, 2013, Plaintiff reported that his back pain was "better" with medication. (Tr. 283). Plaintiff was instructed to perform an exercise and stretching regimen. (Tr. 283-84). Accordingly, this argument is rejected.

**II.        The ALJ Properly Assessed Vincent Kempinski's Opinion**

On June 17, 2013, Vincent Kempinski, Adult Nurse Practitioner, completed a two-page form regarding Plaintiff's ability to perform physical activity. (Tr. 305-06). Kempinski concluded that Plaintiff could perform only a limited range of sedentary work. (Tr. 305-06). The

ALJ afforded "little weight" to Kempinski's opinion. (Tr. 26-27). Plaintiff argues that he is entitled to relief because the ALJ "did not give proper weight to" Kempinski's opinions.

A nurse practitioner is not an acceptable medical source under the Social Security regulations. *See, e.g., McNamara v. Commissioner of Social Security*, 623 Fed. Appx. 308, 309 (6th Cir., Dec. 10, 2015). The ALJ nevertheless considered Kempinski's opinion and found that it was entitled to little weight because it was based upon Amy Vincent's opinions. This is an accurate assessment as Kempinski's opinion expressly incorporates Vincent's report and opinions. (Tr. 305). Given the shortcomings in Vincent's opinion, articulated above, incorporation of such by Kempinski supports the ALJ's assessment. The ALJ also noted that Kempinski's opinion that Plaintiff could perform only a limited range of sedentary work was not supported by the evidence of record which as discussed in the preceding section is supported by substantial evidence. Accordingly, this argument is rejected.

**III.      The ALJ Properly Discounted Plaintiff's Subjective Allegations**

At the administrative hearing, Plaintiff testified that he was impaired to an extent far greater than recognized by the ALJ. Plaintiff testified that he was unable to walk without use of a cane and also needed the cane "sometimes" for balance. (Tr. 42). Plaintiff testified that he was unable to stand for longer than 15-30 minutes and could only walk "about two blocks." (Tr. 42). Plaintiff testified that at least once weekly his condition becomes so bad that he is unable to even leave his house. (Tr. 47). Plaintiff reported that his medications cause him to nap 4-5 times daily. (Tr. 47). Plaintiff reported that he could lift 10 pounds on a single occasion, but could not do so at even 15 minute intervals. (Tr. 41). The ALJ concluded that Plaintiff was "not entirely credible" and,

9

therefore, afforded limited weight to his testimony. Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's

10

subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

The ALJ discussed the evidence in this matter in great detail and concluded that such undermined Plaintiff's credibility. (Tr. 23-27). As the ALJ noted, there in no evidence that Plaintiff required a cane or was ever instructed to use a cane. The ALJ also noted that Plaintiff's reported activities were inconsistent with his testimony. Finally, as previously noted, the medical record does not support Plaintiff's testimony. In sum, the ALJ's credibility determination complies with the relevant legal standard and is supported by substantial evidence.

**IV.            The ALJ Properly Developed the Record**

On March 20, 2012, Plaintiff participated in a consultive examination conducted by Dr. Michael Geoghegan. (Tr. 209-12). Plaintiff argues that he is entitled to relief because the ALJ failed to secure additional opinion evidence from Dr. Geoghegan.

Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate his claim for benefits. *See* 20 C.F.R. §§ 404.1512, 404.1514, 416.912, 416.914. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002). Plaintiff was represented at the administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures. Thus, the Court finds that the ALJ was not under a heightened duty to develop the record in this matter.

Furthermore, the ALJ is not required to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve his claims. *See, e.g., Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th

Cir., Dec. 11, 2003); *Ruby v. Colvin*, 2014 WL 5782930 at *13 (S.D. Ohio, Nov. 6, 2014); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010); *Allison*, 2000 WL 1276950 at *5. The record in this matter was sufficient to resolve Plaintiff's claim for benefits. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. The Court further finds that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3). A judgment consistent with this opinion will enter.


Date:  March 3, 2016                                         /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge